STEVEN L. DERBY, Esq. (SBN 148372)
CELIA McGUINNESS, Esq. (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, LLP
1999 Harrison Street, Suite 1800
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
Email: info@dmglawfirm.com

Attorneys for Plaintiff
TRAVIS DUNN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS DUNN, | CASE NO. 2:20-cv-01421-TLN-DB |
| Plaintiff, | Civil Rights |
| v. | **COURT ENFORCEABLE SETTLEMENT AGREEMENT** |
| NEW HOPE HOLDINGS, LLC, a limited liability Company dba VICTORY VILLAS; and BROOKELYNN HAWLEY, | |
| Defendants. | |

**INTRODUCTION**

1. Plaintiff TRAVIS DUNN ("Dunn") filed a Complaint in this action on July 15, 2020 asserting claims for: (1) violation of the Federal Fair Housing Act, 42 USC § 3601 et seq.; (2) violation of the California Fair Employment and Housing Act, Gov. Code § 12955 et seq., and (3) violation of the California Unruh Civil Rights Act, Civil Code § 51 et seq. ("the Action") against Defendants NEW HOPE HOLDINGS, LLC, a limited liability Company dba VICTORY VILLAS; and BROOKELYNN HAWLEY, an individual, (together, "Defendants").

2. NHH owns an apartment complex referred to as Victory Villas and consisting of 24 units located at 6344 Greenback Lane, Citrus Heights, CA 95621 ("Subject Property" or "Victory Villas").

3. Brookelynn Hawley ("Hawley") serves as the on-site property manager for the Subject Property.

4. Dunn has been a tenant at Victory Villas since in or about 2013. Dunn currently rents at the Subject Property.

5. On or about August 27, 2019, Dunn filed a Complaint of Discrimination against Defendants with the California Department of Fair Employment and Housing ("DFEH"), Case No. 201906-06402506, through which Dunn alleged he had been denied reasonable accommodation with regard to parking and was thereafter subjected to retaliation for complaining about his dissatisfaction with how Hawley handled his request for accommodation (the "DFEH Charge"). The DFEH proceeded with its investigation of Dunn's allegations and found insufficient evidence to support any violation by NHH or Hawley.

6. Defendants deny each and every allegation made by Dunn in the DFEH Charge and the Action. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement will be deemed or construed at any time for any purpose as an admission by NHH of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants do not admit any wrongdoing, fault or liability of any kind.

7. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Court Enforceable Settlement Agreement ("Agreement") for the purpose of resolving Plaintiff's claims in this Action. Accordingly, the Parties agree to the entry of this Agreement without trial or further adjudication of any issues of fact or law.

8. The parties stipulate and respectfully request that the Court retain jurisdiction to enforce the terms of this Agreement as set forth herein.

WHEREFORE, the Parties hereby agree and stipulate to the Court's retention of jurisdiction to enforce its terms as follows:

///

///

**JURISDICTION**

9. The Parties agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. sections 1331 and 1367.

**INJUNCTIVE RELIEF**

10. This agreement shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject Complaint.

**Remedial Measures:**

a. Within thirty (30) days of the Effective Date and weather permitting, NHH shall install not fewer than three parking delineators, affixed with glue to the asphalt, to prevent unauthorized vehicles from parking in the designated "no-parking" area adjacent to parking space number 9. The devices will be located so as to maximize obstruction of illegal parking, without interfering in any way with Plaintiff's ability to deploy the ramp of his wheelchair van.

b. Within five (5) business days of installation of the parking delineators, NHH shall provide written notice to all tenants at the Subject Property regarding installation of the parking delineators, to include notice that tenants are prohibited from parking in the no-parking space. Such notice shall also be provided to all new tenants as part of their lease agreement.

c. NHH shall adopt and maintain a revised written Parking Policy for Victory Villas apartment complex in the form attached hereto as Exhibit 1, and provide, by mail, by hand delivery, or by email, a copy of this Parking Policy to all residents of the property within fifteen (15) days of the Effective Date, and to all new tenants as part of their lease agreement. The policy will state that any vehicle obstructing the sidewalks, dumpsters, mailboxes, drive aisles, or other designated parking spaces may be towed without further warning.

d. NHH shall require that Brookelynn Hawley and the agents, staff and employees of Victory Villas Apartments read and sign a copy of the Parking Policy within

ten (10) days of the Effective Date, and that new employees, agents and staff whose work involves interaction with current or prospective tenants read and sign a copy of the policies within ten (10) days of the beginning of employment.

e. NHH shall ensure its management staff, including (1) its onsite managers of Victory Villas, (2) anyone supervising those managers, and (3) owner Elizabeth Nasri participate in Fair Housing training within ninety (90) days of the Effective Date of this Agreement. Plaintiff acknowledges BROOKELYNN HAWLEY completed this training on October 20, 2020. The training for the other staff identified herein will be conducted by a Fair Housing Trainer mutually agreeable to the parties in person or by Zoom or Zoom equivalent and it will last not less than two hours. The training topics will include but not be limited to reasonable accommodation obligations toward persons with disabilities.

f. NHH shall adopt lawful policies regarding receiving and responding to reasonable accommodation requests for persons with disabilities, including deadlines for reviewing and responding, and written forms in the form attached hereto as Exhibit 2. The policies and forms will be provided to all current tenants within fifteen (15) days of being adopted and will be provided to all new tenants as part of their lease agreement. The agents, staff and employees of NHH will be required to read and sign a copy of the reasonable accommodation policies within ten (10) days of the Effective Date, and that new employees, agents and staff whose work involves interaction with current or prospective tenants read and sign a copy of the policies within ten (10) days of the beginning of employment.

g. Within forty-five (45) days of the Effective Date, Defendants will provide Plaintiff, through counsel, written proof of compliance with the terms of the Remedial Measures.

**DAMAGES AND ATTORNEYS FEES**

11. The Parties have entered into a separate agreement regarding Plaintiff's claims for damages and attorney fees that will not be filed with the Court.

**NON-DISPARAGEMENT**

12. The Parties further agree that they shall not disparage (meaning, "to regard or represent as being of little worth, denigrate"), or ridicule, defame or slander the other, their employees or agents with respect to the fair housing relationship, the charges filed herewith, the Action, or in regard to the terms of this Agreement. This includes, but is not limited to, any news or media sources, including newspapers, radio networks or stations, television networks or stations, or any social media sites, internet bulletin boards, public services review sites, or virtual communities, such as Facebook, LinkedIn, Twitter, YourHub, Yelp, or blogs. This clause does not prevent any Party from stating facts, even if a fact is disputed by another party.  Plaintiff further agrees to remove, delete, and destroy statements about the Released Parties that he posted or he otherwise caused to be posted or published on any social media sites, internet bulletin boards, public services review sites, or virtual communities prior to the execution of this Agreement. This mutual non-disparagement provision is a material term of this agreement.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542**

13. Each of the Parties to this Court Enforceable Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Action that is unknown or unanticipated at the time this Agreement is signed. Except for all obligations required in this Agreement, the Parties intend that this Agreement apply to all such further loss with respect to the Action, except those caused by the Parties subsequent to the execution of this Agreement. Therefore, except for all obligations required in this Agreement,

this Agreement shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties with respect to the Action, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

14. Except for all obligations required in this Agreement each of the Parties on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Action.

15. This shall be binding on Plaintiff, Defendants and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Agreement during the period of the Court's jurisdiction over this Agreement.

16. The individuals signing this Agreement represent that they are authorized to bind their respective Party to this Agreement.

**TERM OF THE AGREEMENT**

17. The Effective Date of this Agreement is the date it is signed by the Parties.

18. The Agreement shall remain in full force and effect -- and the Court shall retain jurisdiction of this action to enforce its provisions --for a period of four (4) years after the date of entry of this Agreement by the Court or until Plaintiff moves out of Victory Villas, whichever occurs earlier.

**SEVERABILITY**

19. The Parties acknowledge that their respective attorneys have reviewed and drafted this Agreement, and the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

20. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**

21. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to Agreement. This Agreement may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**NOTICE**

22. The Parties are obligated to provide thirty (30) days written notice to the other Parties of any intention to seek the Court's enforcement of any provisions of this Agreement to allow the Parties to meet and confer and informally resolve any disputes.

Date: March 15, 2021                PLAINTIFF TRAVIS DUNN

                                    /s/ Travis Dunn
                                    TRAVIS DUNN

Date: April 3, 2021                 DEFENDANT NEW HOPE HOLDINGS, LLC

                                    /s/
                                    Print Name: _____
                                    Authorized to sign on behalf of Defendant

Date: April 3, 2021                 DEFENDANT BROOKELYNN HAWLEY

                                    /s/ Brookelynn Hawley
                                    BROOKELYNN HAWLEY

**APPROVED AS TO FORM**

Date: <u>March 15     </u>, 2021           DERBY, McGUINNESS & GOLDSMITH, LLP

<u>  /s/ Celia McGuinness              </u>
By CELIA McGUINNESS, Esq.
Attorneys for Plaintiff
TRAVIS DUNN


Date: <u>        4-15   </u>, 2021           GORDON REES SCULLY MANSUKHANI, LLP

<u>  /s/ Kathleen Rhoad               </u>
By KATHLEEN RHOADS, Esq.
Attorneys for Defendants
NEW HOPE HOLDINGS, LLC dba VICTORY VILLAS

### ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Date: April 20, 2021

_____
Troy L. Nunley
United States District Judge

- 8 -
CESA

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1, I hereby attest that on  April 15 , 2021, I, Celia McGuinness, attorney with Derby, McGuinness & Goldsmith, LLP, received the concurrence of  counsel  in the filing of this document.

                                                      */s/ Celia McGuinness*
                                                     Celia McGuinness
                                                     DERBY, McGUINNESS & GOLDSMITH, LLC